# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST MIDWEST EQUIPMENT FINANCIAL CO., <br><br> Plaintiff, <br><br> v. <br><br> AERO TRANSPORT, INC., et al., <br><br> Defendants. | Case No. 1:18-mc-00017-AWI-SAB <br><br> ORDER RE REQUEST FOR ORDER TO SHOW CAUSE <br><br> ORDER REQUIRING DEFENDANT RANJIT S. DHALIWAL TO SHOW CAUSE WHY HE SHOULD NOT BE HELD IN CIVIL CONTEMPT <br><br> (ECF No. 11) |

On July 25, 2017, judgment was entered in favor of Plaintiff First Midwest Equipment Financial Company f/k/a National Machine Tool Finance Corporation (Plaintiff/judgment creditor) and against Defendant Aero Transport Inc. and Defendant Ranjit S. Dhaliwal (Defendant/judgment debtor) in the United States District Court for the Northern District of Illinois, Eastern Division. (ECF No. 1 at 3.) On March 27, 2018, Plaintiff registered the foreign judgment in the Eastern District of California. (ECF No. 1.)

On May 14, 2018, Plaintiff filed an application for Ranjit S. Dhaliwal to appear for examination. (ECF No. 6.) On May 15, 2018, the Court issued an order for the appearance and examination of Mr. Dhaliwal on July 18, 2018, at 10:00 a.m. (ECF No. 7.) On July 11, 2018, Plaintiff filed a certificate of service indicating that Mr. Dhaliwal had been served on June 14, 2018. (ECF No. 8.) On July 18, 2018, the matter was called for a judgment debtor examination

1

and Mr. Dhaliwal did not appear. Counsel Michael Eastwood appeared on behalf of Plaintiff and requested that the Court issue an arrest warrant for Mr. Dhaliwal. The Court provided Plaintiff with the opportunity to file supplemental briefing addressing the Court's authority to issue an arrest warrant when a judgment debtor does not appear for examination. (ECF No. 10.)

On August 3, 2018, Plaintiff filed a request for an order to show cause requiring Mr. Dhaliwal to show cause why he should not be adjudged in civil contempt and confined until his production of the subpoenaed documents. (ECF No. 11.) Plaintiff also requests that Mr. Dhaliwal pay Plaintiff $800.00 as attorneys' fees incurred by Plaintiff as a result of Mr. Dhaliwal's failure to obey the subpoena and produce the documents referred to in the subpoena.

Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), in a case where the parties have not consented to the jurisdiction of a United States magistrate judge and where a party's conduct "constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified." 28 U.S.C. § 636(e)(6).

The asserted contempt is civil in nature where the contempt is sought to compel a party to comply or to compensate an aggrieved party for the failure of an adverse party to comply. See United States v. Asay, 614 F.2d 655, 659 (9th Cir. 1980). "In a civil contempt action, '[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply.' " Federal Trade Comm'n v. Enforma Nat. Prod., Inc., 362 F.3d 1204, 1211 (9th Cir. 2004) (citations omitted). To find civil contempt, "the court need only (1) have entered a clear and unambiguous order, (2) find it established by clear and convincing evidence that the order was not complied with, and (3) find that the alleged contemnor has not clearly established his inability to comply with the terms of the order." Huber v. Marine Midland Bank, 51 F.3d 5, 10 (2d Cir. 1995). There need not be a willful violation of the order in order for the court to find civil contempt. Asay, 614 F.2d at 661 (citing McComb v.

Jacksonville Paper Co., 336 U.S. 187 (1948)).

The Court notes that while Plaintiff references a failure to produce documents, the May 15, 2018 order for appearance and examination of judgment debtor did not require Mr. Dhaliwal to produce documents at the judgment debtor examination. (ECF No. 7.) Plaintiff did not request that Mr. Dhaliwal produce certain documents. (ECF No. 6.) The Court has no record of any subpoena for documents being served on Mr. Dhaliwal. However, the order did require Mr. Dhaliwal to appear for examination and he failed to appear.

As noted above, pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), the magistrate judge shall certify the facts constituting a civil contempt to a district judge. The facts as found herein are certified to the district judge and Defendant Ranjit S. Dhaliwal is ordered to appear before United States District Judge Anthony W. Ishii to show cause why he should not be incarcerated for civil contempt until he complies with the Court's order for appearance and examination of judgment debtor and why an award of fees to Plaintiff is not appropriate. As noted above, civil contempt is for the purposes of compelling Mr. Dhaliwal's compliance with the order. Here, incarceration—if it becomes necessary—is not for purposes of punishment but for coercing compliance. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005).

Plaintiff requests that it be reimbursed in the amount of $800.00 in attorneys' fees. The Ninth Circuit utilizes the "lodestar" approach for assessing reasonable attorneys' fees, where the number of hours reasonably expended is multiplied by a reasonable hourly rate. Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013); Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008). The court then may adjust the lodestar upward or downward based upon a variety of factors. Gonzalez, 729 F.3d at 1202. The Supreme Court explained that the loadstar amount is to be determined based upon the prevailing market rate in the relevant community. Blum v. Stenson, 465 U.S. 886, 895 (1984).

Plaintiff has not provided any explanation of how the $800.00 in attorneys' fees was calculated. Plaintiff's counsel does not indicate the number of hours worked or a description of the work performed that is the basis of the $800.00 in attorneys' fees. Plaintiff's counsel also does not indicate the requested hourly rate that the $800.00 is based on, the names of the people

3

that performed the work, and their qualifications and experience to justify the requested hourly rate. Therefore, Plaintiff has not presented information to show whether the number of hours worked is reasonable or whether the hourly rate sought by each attorney is consistent with the prevailing market rates. Thus, the Court cannot determine at this time whether the fees sought are reasonable and Plaintiff must submit a supplemental brief addressing these factors.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Ranjit S. Dhaliwal shall appear before United States District Judge Anthony W. Ishii on **September 24, 2018, at 1:30 p.m**., in Courtroom 2, to show cause why he should not be found in contempt based upon the facts that have been certified in this order;

2. Plaintiff shall submit a supplemental brief including supporting documentation to support its request for attorneys' fees on or before **August 20, 2018**;

3. Plaintiff shall personally serve Defendant Ranjit S. Dhaliwal with a copy of this order and a copy of the May 15, 2018 order for appearance and examination of judgement debtor and file proof of service on or before **September 14, 2018**; and

4. Defendant Ranjit S. Dhaliwal is cautioned that failure to appear at September 24, 2018 hearing may result in issuance of a warrant for his arrest.

IT IS SO ORDERED.

Dated: **August 14, 2018**

UNITED STATES MAGISTRATE JUDGE