# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST MIDWEST EQUIPMENT FINANCIAL CO., <br><br> Plaintiff, <br><br> v. <br><br> AERO TRANSPORT, INC., et al., <br><br> Defendants. | Case No. 1:18-mc-00017-AWI-SAB <br><br> ORDER GRANTING REQUEST FOR SERVICE OF PROCESS BY REGISTERED PROCESS SERVER <br><br> (ECF No. 38) |

On April 11, 2019, Plaintiff filed an application for a writ of execution. (ECF No. 33.) On April 12, 2019, the Clerk of the Court issued the writ of execution. (ECF No. 34.) On April 24, 2019, Plaintiff submitted a request to authorize and appoint Win Win-Alssi, Inc., pursuant to Federal Rules of Civil Procedure 4.1and 69,[1] to serve writs in this action. (ECF No. 35.) On April 25, 2019, the Court approved the request. (ECF No. 36.)

---

[1] Rule 4.1 provides: "Process--other than a summons under Rule 4 or a subpoena under Rule 45--must be served by a United States marshal or deputy marshal or by a person specially appointed for that purpose." Fed. R. Civ. P. 4.1. Rule 69 provides: "The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69. Under California law, a registered process server may levy under a writ of execution on property specified in California Code of Civil Procedure Section 699.080(a), and in accordance with the procedures in Sections 699.080(b)-(f). See J & J Sports Prods., Inc. v. Esquivel, No. 1:08-CV-00392 LJOGSA, 2008 WL 5099690, at *1 (E.D. Cal. Dec. 1, 2008); Dean v. S. California Edison, No. EDCV1201435MWFDTBX, 2014 WL 12709674, at *1 (C.D. Cal. July 3, 2014). Registered process servers may be authorized and appointed under Rule 4.1 for this purpose. Id.

On January 30, 2020, Plaintiff again filed an application for a writ of execution, however, the Court cannot discern any material difference from the previous application filed. (ECF No. 37.) On January 30, 2020, Plaintiff again filed a request to authorize and appoint Win Win-Alssi, Inc., to serve writs in this action. (ECF No. 38.) The request attaches a copy of the Court's previous order approving and appointing the process server, however, Plaintiff does not explain the necessity for the second request or why the previous order was attached. (ECF No. 38-1.)

It is not clear to the Court precisely why Plaintiff has refiled the application for writ of execution and another request for appointment of the process server in this action. Nonetheless, to the extent Plaintiff is seeking the authorization and appointment of the process server to serve the more recent writ of execution independent of the previous request and writ, the Court shall grant Plaintiff's request to appoint the process server to serve the writ of execution, if and when the Clerk of the Court issues the new writ based on the more recent application.

Accordingly, IT IS HEREBY ORDERED that pursuant to the request of Plaintiff and Rules 4.1(a) and 69 of the Federal Rules of Civil Procedure, Win Win-Alssi, Inc. is authorized and appointed to serve the writs in this action. The U.S. Marshals Office will remain the levying officer.

IT IS SO ORDERED.

Dated: **January 31, 2020**

UNITED STATES MAGISTRATE JUDGE